UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-62127-CIV-ROSENBAUM/HUNT

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

JENNY E. COPLAN,

        Defendant.
_____/

**DEFAULT FINAL JUDGMENT**

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Jenny E. Coplan. ECF No. 9. For the reasons set forth in the Court's February 21, 2014, Order, the Court granted Plaintiff's Motion. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

**I. Permanent Injunction**.

**A. Section 5 of the Securities Act (Count I)**

Coplan, her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**B. Section 17(a) of the Securities Act of 1933 (Counts II-III)**

Coplan and Coplan's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person,

    (E) the rates of the investment return,

    (F) investor account balances, or

    (G) the misappropriation of investor funds or investment proceeds.

**C. Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 (Count IV)**

Coplan and Coplan's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and

Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

        (A) any investment in securities,

        (B) the prospects for success of any product or company,

        (C) the use of investor funds,

        (D) compensation to any person,

        (E) the rates of the investment return,

        (F) investor account balances, or

        (G) the misappropriation of investor funds or investment proceeds.

### D. Section 15(a)(1) of the Securities Exchange Act of 1934 (Count V)

Coplan is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78j(b), by acting as a broker or dealer to effect any transactions in, or to induce or attempt to induce the purchase or sale of any security, unless she first registers with the Securities and Exchange Commission as a broker or dealer.

## II. Monetary Relief

### A. Disgorgement with Prejudgment Interest

Coplan is liable for disgorgement in the amount of $878,000, representing the amount that Coplan misappropriated, plus prejudgment interest in the amount of $58,756.97, for a total of $936,756.97.  Coplan shall satisfy the disgorgement and prejudgment interest to the Securities and Exchange Commission by paying $936,756.97 within fourteen days after entry of this Judgment.

Coplan may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Coplan may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court;  Jenny E. Coplan as the defendant in this action; and specifying that payment is made pursuant to this Judgment.

Coplan shall simultaneously transmit photocopies of evidence of payment and case identifying information to Amie Riggle Berlin, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131.  By making this payment, Coplan relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to her.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after fourteen days following entry of this Judgment.  Coplan shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### B. Civil Penalty

The Court shall retain jurisdiction to impose a civil penalty against Coplan pursuant to Section 20(d) of the Securities Act, 15 U.S.C § 77t(d) and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Commission shall file an appropriate motion with this Court within ninety days of the date of this Order.

To the extent not otherwise disposed of, all pending motions are hereby **DENIED AS MOOT**.  The Clerk is directed to **CLOSE** this matter.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 24th day of February 2014.

                                                ROBIN S. ROSENBAUM
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record